**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2020
Decided May 12, 2020

*Before*

DIANE P. WOOD, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2160

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-CR-00430(1) |
| JOSEPH HAZLEY, *Defendant-Appellant*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

Joseph Hazley was convicted by a jury of six sex-trafficking counts related to his recruitment of two women and a minor girl into prostitution in 2016. *See* 18 U.S.C. §§ 1591(a)–(c), 1594(c), 2421(a). The district court sentenced him to a within-guidelines term of 384 months' imprisonment, to be followed by 7 years' supervised release. Hazley appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Hazley has not responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears thorough, we limit our review to the issues that he raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether the district court may have violated Hazley's Fourth Amendment rights by allowing the government to introduce evidence of location data gleaned from cell-tower records to show that he drove from Illinois to Ohio to recruit a woman forcibly into prostitution. *See Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018). But even if we assume that Hazley's failure to challenge the admission of this data amounted to a forfeiture (rather than a waiver), *see United States v. Dridi*, 952 F.3d 893, 898 (7th Cir. 2020), we agree with counsel that an appellate challenge would be frivolous. The jury acquitted Hazley of the charge related to the Ohio trip, so any error in admitting the evidence would not have affected the verdict and would therefore be harmless. *See United States v. Chaparro*, 956 F.3d 462, 481–82 (7th Cir. 2020).

Counsel next considers whether Hazley could challenge the district court's denial of his post-trial motions for acquittal or a new trial based on insufficiency of the evidence, and correctly concludes that he could not. On appeal, we would view the evidence in the light most favorable to the government and reverse only if the record was "devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Cooper*, 767 F.3d 721, 727 (7th Cir. 2014) (quoting *United States v. Johnson*, 729 F.3d 710, 714 (7th Cir. 2013)). And here, ample evidence supported each of the six counts of conviction.

To start, a rational jury could conclude from the evidence that Hazley trafficked a minor. *See* 18 U.S.C. § 1591(a). To prove this charge, the government needed to show that Hazley enticed a minor to engage in a commercial sex act either after learning of her age, recklessly disregarding it, or having the "reasonable opportunity to observe" her. *Id.* § 1591(c); COMM. ON FED. CRIM. JURY INSTRUCTIONS OF THE SEVENTH CIR., PATTERN CRIM. JURY INSTRUCTIONS OF THE SEVENTH CIR., at 512 (2012), www.ca7.uscourts.gov/ pattern-jury-instructions/Pattern_Criminal_Jury_Instructions_2012ed_includes_2015-2019_changes.pdf; *see United States v. Wearing*, 865 F.3d 553, 557 (7th Cir. 2017). Here, the jury could rely on witness testimony to support each of these elements. Witnesses stated that for about a month in 2016, Hazley lived with a 16-year-old girl whom he daily escorted to 5 to 6 "dates" (appointments for commercial sex). One witness added that she and the minor went on dates together a few times at Hazley's behest. Corroborating the witness account were advertisements for commercial sex posted on Backpage.com (an online classified-advertising forum)—generated from Hazley's computer and featuring photos of both the witness and the minor. As for Hazley's awareness of the girl's status as a minor, multiple witnesses testified that she appeared or acted younger than eighteen, and one stated that she asked for the girl's

identification in Hazley's presence, but he escorted her out before the girl could answer. From these facts, a jury could conclude that Hazley had a reasonable opportunity to observe the minor, as well as the sufficient mens rea for this offense. *See United States v. Whyte*, 928 F.3d 1317, 1331 (11th Cir. 2019) *cert. denied* 140 S. Ct. 875 (2020) (defendant had "reasonable opportunity to observe" victim when they lived together for about two months).

Next, a reasonable jury could conclude that Hazley was part of a conspiracy to traffic the girl. 18 U.S.C. § 1594(c). To prove this charge, the government had to show that a plan to traffic a minor existed and that Hazley joined it with an intent to help carry it out. PATTERN CRIM. JURY INSTRUCTIONS at 70. Here, the jury could rely on a co-defendant's testimony that he introduced the minor to Hazley based on Hazley's offer to give him a "finder's fee" for bringing him women who wanted to "make money." *See United States v. Faulkner*, 885 F.3d 488, 492–93 (7th Cir. 2018) (upholding RICO conspiracy charge based on cooperating witness testimony that he acted at defendant's direction).

Sufficient evidence also could support the four remaining counts—each of which alleged that Hazley "transported" an adult woman through interstate commerce for the purpose of engaging her in commercial sex acts. *See* 18 U.S.C. § 2421(a). For each count, the government needed to show that Hazley took the woman across state lines, and that he intended for her to engage in prostitution at the time of the trip. PATTERN CRIM. JURY INSTRUCTIONS at 690. Here, the victim herself testified that in late October and November 2016, Hazley drove her from Illinois to Indiana three times to set up dates for her in Indianapolis. Her testimony was corroborated by posts on Backpage.com featuring her photo and advertising her availability for dates in Indianapolis—posts that, she attested, were made by Hazley. Then, upon bringing her back to Illinois after these trips, Hazley set up more dates for her using Backpage.com. Because each leg of each trip could count as a separate violation of § 2421, a jury reasonably could conclude from this evidence that Hazley violated the statute at least four times. *See United States v. Haslage*, 853 F.3d 331, 334 (7th Cir. 2017) (crime begins when "defendant set[s] out with the intent to cross a state line and commit the crime"); *see also United States v. McGuire*, 627 F.3d 622, 623–25 (7th Cir. 2010) (§ 2421 transportation need not be for sole purpose of prostitution).

Finally, counsel considers whether Hazley could make any nonfrivolous challenge to his sentence and correctly concludes that he could not. First, Hazley's 384-month prison term did not exceed the statutory-maximum sentence of life

imprisonment, so he could not argue that it violated the law. *See* 18 U.S.C. §§ 1591(b), 1594(c). Second, the court properly calculated a guidelines range of 324 to 405 months' imprisonment based on an offense level of 41 and a criminal history category of I. U.S.S.G. Ch. 5, Pt. A. This calculation appropriately included (over Hazley's objection) an enhancement for the use of a computer because he created online advertisements for commercial sex with a minor. *See* U.S.S.G. § 2G1.3(b)(3)(B); *United States v. McMillian*, 777 F.3d 444, 449–50 (7th Cir. 2015). Third, counsel rightly concludes that Hazley could not challenge the substantive reasonableness of his sentence because the court considered thoroughly the factors set forth in 18 U.S.C. § 3553(a): In justifying the sentence, the court highlighted the seriousness of the offense (Hazley exploited his victims' immaturity and put them in harm's way); Hazley's personal characteristics (that he grew up without a father and that his incarceration would leave two of his own children behind); and the probability that Hazley would be less likely to reoffend upon release because he then would be of advanced age.

We therefore GRANT the motion to withdraw and DISMISS the appeal.